Office of Harris County District Clerk - Marilyn Burgess                    Page 1 of 1

**HCDistrictclerk.com**     THE RESERVE AT AUTUMN CREEK L L C vs.          9/27/2019
                            EVEREST INDEMNITY INSURANCE COMPANY
                            Cause: 201946210     CDI: 7     Court: 127

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 87252503 | DEFENDANT VERICLAIM INC'S ORIGINAL ANSWER | | 09/23/2019 | 6 |
| restricted | Defendant, Andrew Breauxs Original Answer and General Denial | | 09/09/2019 | 2 |
| > 87094286 | Envelope | | 09/09/2019 | 1 |
| 86925747 | Citation Corporate (VERICLAIM INC) | | 09/03/2019 | 2 |
| 86950986 | Citation (Andrew Breaux) | | 09/03/2019 | 2 |
| 86491637 | Defendant's Original Answer and General Denial | | 08/05/2019 | 6 |
| 86655856 | Civil Process Pick-Up Form | | 07/09/2019 | 1 |
| 86074967 | Plaintiffs' Original Petition | | 07/08/2019 | 18 |
| > 86074968 | Filing Letter | | 07/08/2019 | 1 |

**EXHIBIT B**

9/3/2019 5:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36493710
By: Devanshi Patel
Filed: 9/3/2019 5:13 PM

CAUSE NO.  201946210

RECEIPT NO.                    0.00        ATY
          **********          TR # 73643929

| | |
|---|---|
| PLAINTIFF: THE RESERVE AT AUTUMN CREEK L L C<br>vs.<br>DEFENDANT: EVEREST INDEMNITY INSURANCE COMPANY | In The   127th<br>Judicial District Court<br>of Harris County, Texas<br>127TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: BREAUX, ANDREW
    OR WHEREVER HE OR ANYONE WHO MAY BE AUTHORIZED BY LAW TO ACCEPT SERVICE FOR
    HIM MAY BE FOUND
    1206 RIDGEVIEW LANE  LONGVIEW TX 75604
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 8th day of July, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 9th day of July, 2019, under my hand and
seal of said Court.

Issued at request of:
MURR, GEORGE BASHIER
4101  WASHINGTON AVENUE
HOUSTON, TX 77007
Tel: (713) 961-6141
Bar No.: 794348

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CLAUSELL,CYNTHIA  RGI//11271410

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____                    _____

                                  _____ of _____County, Texas

                                  By _____
    Affiant                                        Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                  _____
                                  Notary Public

N.INT.CITR.P              *73643929*



AFFIDAVIT OF SERVICE

| Case: 2019-46210 | Court: IN THE 127TH JUDICIAL DISTRICT COURT | County: HARRIS, TEXAS | Job: 3671738 (RESERVE/EVEREST) |
|---|---|---|---|
| Plaintiff / Petitioner: THE RESERVE AT AUTOMN CREEK, LLC; ET AL | | Defendant / Respondent: EVEREST INDEMNITY INSURANCE COMPANY; ET AL | |
| Received by: TCB PROFESSIONAL SERVICES | | For: MURR & YANOCHIK, PLLC | |
| To be served upon: ANDREW BREAUX, AN INDIVIDUAL | | | |

I, Sheila Renee Fussell, being duly sworn, depose and say: I am over the age of 18 years and not a party to or interested in the above suit. I have personal knowledge of the true and correct facts stated in this affidavit and I am authorized by law to serve process in the State of Texas.

Recipient Name / Address: ANDREW BREAUX, AN INDIVIDUAL, 1206 RIDGEVIEW LN, LONGVIEW, GREGG COUNTY, TX 75604

Manner of Service: Personal/Individual, Aug 28, 2019, 6:11 pm CDT

Documents: CITATION AND PLAINTIFF'S ORIGINAL PETITION (Received Aug 27, 2019 at 2:52 pm CDT)

Additional Comments:
Successful Attempt: Aug 28, 2019, 6:11 pm CDT at 1206 RIDGEVIEW LN, LONGVIEW, GREGG COUNTY, TX 75604
Delivered to ANDREW BREAUX, AN INDIVIDUAL, WITH THE DATE OF SERVICE ENDORSED THEREON BY ME.

_Sheila Renee Fussell_
Sheila Renee Fussell
PSC14262  Exp. 3/31/2020

Subscribed and sworn to before me by the affiant who is personally known to me.

_Laren Tritch_
Notary Public

AUGUST 30, 2019
Date

LAREN TRITCH
Notary Public, State of Texas
Comm. Expires 02-22-2021
Notary ID 131015355

Unofficial Copy Office of Marilyn Burgess District Clerk

9/1/2019 2:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36454179
By: CAROL WILLIAMS
Filed: 9/3/2019 12:00 AM

RECEIPT NUMBER _____ 0.00
TRACKING NUMBER _____ 73643928  ATY

CAUSE NUMBER    201946210

| | |
|---|---|
| PLAINTIFF: THE RESERVE AT AUTUMN CREEK L L C | In The 127th |
| vs. | Judicial District Court of |
| DEFENDANT: EVEREST INDEMNITY INSURANCE COMPANY | Harris County, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: VERICLAIM INC (DELWARE CORPORATION) MAY BE SERVED THROUGH ITS
    REGISTERED AGENT CORPORATION SERVICE COMPANY
    OR WHEREVER ANY AGENT MEMBER OFFICER OR OTHER PERSON AUTHORIZED
    TO ACCEPT SERVICE FOR IT MAY BE FOUND
    211  E 7TH STREET SUITE 620   AUSTIN TX 78701

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the ___8th__ day of ___July_____, 20__19_, in the
above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

   **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this __9th__ day of
___July_____, 20__19_.

Issued at request of:
MURR, GEORGE BASHIER
4101  WASHINGTON AVENUE
HOUSTON, TX  77007
TEL: (713) 961-6141
Bar Number: 794348

**MARILYN BURGESS, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

Generated by: CLAUSELL, CYNTHIA  RGI//11271410

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____, _____,
                                                            (STREET ADDRESS)                                    (CITY)

in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,

by delivering to _____, by delivering to its
                        (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____, in person, whose name is _____,
   (REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                       (DESCRIPTION OF PETITION, E.G., "PLAINTIFF'S ORIGINAL")

and with accompanying copies of _____.
                                        (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20_____.

FEE: $_____                 By: _____
                                         (SIGNATURE OF OFFICER)

                                  Printed Name: _____

_____         As Deputy for: _____
Affiant Other Than Officer                            (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20____.

_____
Notary Public

N.INT.CITC.P                    *73643928*

**AFFIDAVIT ATTACHED**

## AFFIDAVIT OF SERVICE

| Case:<br>2019-46210 | Court:<br>IN THE 127TH JUDICIAL DISTRICT COURT | County:<br>HARRIS, TEXAS | Job:<br>3671735 (RESERVE/EVEREST) |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>THE RESERVE AT AUTOMN CREEK, LLC; ET AL | | **Defendant / Respondent:**<br>EVEREST INDEMNITY INSURANCE COMPANY; ET AL | |
| **Received by:**<br>JLH LEGAL, LP DBA LOOP LEGAL SERVICE | | **For:**<br>MURR & YANOCHIK, PLLC | |
| **To be served upon:**<br>VERICLAIM, INC., A DELAWARE CORPORATION, BY DELIVERING THE CITATION AND PETITION TO CORPORATION SERVICE COMPANY<br>D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, REGISTERED AGENT FOR SERVICE | | | |

I, JOEL L HERSHEY, being duly sworn, depose and say: I am over the age of 18 years and not a party to or interested in the above suit. I have personal knowledge of the true and correct facts stated in this affidavit and I am authorized by law to serve process in the State of Texas.

**Recipient Name / Address:** VERICLAIM, INC., A DELAWARE CORPORATION, BY DELIVERING THE CITATION AND PETITION TO CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, REGISTERED AGENT FOR SERVICE, 211 E. 7TH STREET STE 620, AUSTIN, TRAVIS COUNTY, TX 78701

**Manner of Service:** Registered Agent, Aug 28, 2019, 9:26 am CDT

**Documents:** CITATION AND PLAINTIFF'S ORIGINAL PETITION **(Received Aug 16, 2019 at 10:51 am CDT)**

**Additional Comments:**
Successful Attempt: Aug 28, 2019, 9:26 am CDT at 211 E. 7TH STREET STE 620, AUSTIN, TRAVIS COUNTY, TX 78701
**Delivered to VERICLAIM, INC., A DELAWARE CORPORATION, BY DELIVERING THE CITATION AND PETITION TO CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, REGISTERED AGENT FOR SERVICE, BY LEAVING SAID PAPERS WITH VANESSA HERNANDEZ, AUTHORIZED PERSON TO ACCEPT SERVICE, WITH THE DATE OF SERVICE ENDORSED THEREON BY ME.**

_Subscribed and sworn to before me by the affiant who is personally known to me._

JOEL L HERSHEY
PSC-613 EXP 7/31/2020

JLH LEGAL, LP DBA LOOP LEGAL SERVICE
PO BOX 42497
HOUSTON, TEXAS 77242

**Notary Public**

**Date** 8-29-19

7/9/2019 8:28:17 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 34962201
By: CUERO, NELSON
Filed: 7/8/2019 1:00:55 PM



**4101 Washington Avenue • Houston, Texas 77007 • (713) 966-6140 • www.my-lawyers.com**

<table>
<tr><td>George B. Murr<br>(713) 966-6141<br>murr@my-lawyers.com</td><td>Michael J. Yanochik<br>(713) 966-6142<br>my@my-lawyers.com</td></tr>
</table>

July 8, 2019

Hon. Marilyn Burgess                                          Via E-Filing
Harris County District Clerk
5900 Canal Street
Houston, Texas 77011

Re:  *The Reserve at Autumn Creek and Kurtell Growth Industries v. Everest*
     *Indemnity Insurance Company, Vericlaim, Inc., and Andrew Breaux*

Dear Ms. Burgess:

Enclosed for filing, please find Plaintiff's Original Petition, and the Clerk's case information sheet, in the above-referenced matter. Please receive and handle per your normal procedures. We request issuance of citations for the following persons:

Everest Mutual Insurance Company
c/o Sanjor Mukerjee (via the Texas Secretary of State)
P.O. Box 830
Liberty Corner, NJ 07938-0830

Vericlaim, Inc.
c/o Corporate Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701

Andrew Breaux
1206 Ridgeview Lane
Longview, TX 75604

Once these citations are ready, please contact our office so that we arrange for retrieval and service by our process server. Thank you in advance for your cooperation in this matter.

If you have any questions or comments, please do not hesitate to contact me.

Very Truly Yours,
*/s/ George B. Murr*
George B. Murr

GBM/ag

7/9/2019 8:28 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34962201
By: Nelson Cuero
Filed: 7/8/2019 1:00 PM

CAUSE NO. _____

| | | |
|---|---|---|
| THE RESERVE AT AUTUMN CREEK, L.L.C.; KURTELL GROWTH INDUSTRIES, | § § § § § | IN THE DISTRICT COURT OF |
| PLAINTIFFS, | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| EVEREST INDEMNITY INSURANCE COMPANY; VERICLAIM, INC.; ANDREW BREAUX, | § § § § § | |
| DEFENDANTS. | § § | TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

### SUMMARY

1.      This is a lawsuit for money damages, declaratory judgment, and other relief for the tortious and illegal conduct of Defendants. Plaintiffs are policyholders who filed an insurance claim for severe wind damages resulting from Hurricane Harvey. Defendants are a large national insurance company, that insurer's hired third-party adjusting firm, and the individual adjuster who handled Plaintiffs' claim.

2.      The policy of these Defendants has been to automatically and summarily draw out claims despite their merits in the hopes that their insured would simply give up, reaping even more profits for Defendants.  Allowing the Defendants to continue in this way violates Texas common law, Texas statutes, and the fundamental public policy underpinning insurance law itself.

3.      For these reasons, and as set forth more specifically herein, the Plaintiffs bring suit against the Defendants.

### DISCOVERY LEVEL

4.      Plaintiffs have elected to conduct discovery under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

## PARTIES

5.      Plaintiff The Reserve at Autumn Creek, L.L.C. ("Reserve at Autumn Creek") is a Delaware limited liability company whose principal place of business is located at 3102 West Bay Area Blvd., Friendswood, Texas 77546.

6.      Plaintiff Kurtell Growth Industries, Ltd. ("KGI") is a Texas domestic limited partnership whose principal place of business is 256 Ocean Way, Vero Beach, Florida 32963.

7.      Defendant Everest Indemnity Insurance Company ("Everest") is a Delaware corporation that has engaged in the business of insurance in Texas at all times material to this action. Everest may be served with process through its registered agent for service of process, Sanjor Mukerjee, P.O. Box 830, Liberty Corner NJ 07938-0830, or wherever any such agent, member, officer or other person authorized to accept service for it may be found.

8.      Defendant Vericlaim, Inc. ("Vericlaim") is a Delaware corporation that has engaged in the business of insurance in Texas at all times material to this action.  Vericlaim may be served with process through its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever any agent, member, officer or other person authorized to accept service for it may be found.

9.      Defendant Andrew Breaux ("Breaux") is an individual who resides in Gregg County, Texas and who has engaged in the business of insurance in Texas at all times material to this action. Breaux may be served with process at 1206 Ridgeview Lane, Longview, Texas 75604, or wherever he or anyone who may be authorized by law to accept service for him may be found.

## AGENCY, RESPONDEAT SUPERIOR, AND CONCERT OF ACTION

10.      Whenever this petition alleges that any Defendant or its agents committed any act, omission or thing, it means that each Defendant or its agents, adjusters, claims managers, section managers, officers, servants, employees, or representatives committed such act, omission or thing.

11.     Such acts, omissions or things were done with the full authorization or ratification of the Defendants, and in the routine course and scope of agency or employment of each of their agents, adjusters, claim managers, section managers, officers, servants, employees, or representatives.

12.     These Defendants individually and collectively acted in concert and/or civil conspiracy, and are therefore each legally responsible and liable for both their own acts and omissions and those of one another.

## CONDITIONS PRECEDENT

13.     All conditions precedent to Plaintiffs' right to recover and to Defendants' liability have occurred and/or have been performed.

## JURISDICTION AND VENUE

14.     Jurisdiction is proper in this Court, because the amount of damages sought is within the jurisdictional limits of this Court.

15.     Venue is proper as to all of the acts complained of, and all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Harris and Galveston Counties, Texas.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002.

## FACTUAL BACKGROUND

16.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

17.     On August 26, 2017, Southeast Texas was struck by the full force of Hurricane Harvey, a Category 4 hurricane that damaged many buildings along the Gulf Coast.  This included the Plaintiffs' property, an apartment complex located at 3102 West Bay Area Boulevard, Friendswood, Texas 77546 (the "Property"). Hurricane Harvey devastated the Property, causing serious structural damage to apartments that left hundreds of Plaintiffs' tenants homeless. Plaintiffs ultimately incurred over $1,000,000.00 in repair costs to make their apartments habitable once more.

18.     Plaintiffs held an insurance policy (the "Policy") with Defendant Everest covering the

Property on the date of loss. Having faithfully paid their premiums, Plaintiffs filed an insurance claim (the "Claim") under their Policy. Everest retained Vericlaim to inspect the Property; Vericlaim dispatched Breaux as its agent to evaluate the Property's damage. By Breaux's own admission, "Hurricane Harvey brought massive amounts of rainfall and wind causing damage to the buildings," and "[t]here was wind damage to shingles which caused lifting and creating an opening" through which water entered the Property. The Policy specifically covered damage to a building's interior caused by rain, where that rain entered the building through an opening created by wind damage.

19.     Yet Breaux alleged that large portions of the Property's damage caused by "wind-driven rain" were not covered because "water migrated under the [Property's] counter flashing during a wind event." Breaux's photographs did not show this purported cause: for every water stain along the Property's walls, another stain was in the center of the Property's ceilings, far from its flashing. Breaux justified this conclusion because he "consulted with a roofing company" – whom he did not name, whose report he did not provide, and whose findings he did not specify. Breaux never tried to explain how water could infiltrate the Property's flashing, why such damage was not covered, or how leaks on the buildings' exterior edges could spread into the centers of their interior ceilings.

20.     Having failed to invent satisfactory grounds for denial, Breaux then sought to reduce Plaintiffs' damages below their deductible. In his estimate, Breaux claimed that the cost to repair Plaintiffs' "roofs" was $21,000.00 based on a purported "bid item." Again, Breaux presented neither the alleged bid nor the proposed scope of work, and neglected to specify which of Plaintiffs' twenty-three roofs were to be repaired. Breaux likewise assumed that a single coat of paint on each damaged ceiling would be sufficient repair, even though he *photographed* structural cracks in those rooms.

21.     But most shocking of all was Breaux's blatant misrepresentation regarding Plaintiffs' deductible. Under the Policy, each building had a separate deductible for 3% of its value, while the

Property as a whole had a $50,000 deductible across all buildings. Thus, the deductible should have applied to the first $50,000 in total damage across the Property, and the first 3% of value in damage to each damaged building. Instead, Breaux asserted that the 3% per-building deductible was of the Property's *total value* – such that $1.1 million in damage had to occur before *any* building's damage would be paid. Breaux inexplicably disregarded the Policy's $50,000 Property-wide deductible, whose apparent 'redundancy' would have alerted even the most negligent adjuster to re-check his work.

22.     Perhaps aware of the shortcomings of his analysis, Breaux recommended that Everest retain a "Cause and Origin Expert" to substantiate his assertions. However, *Everest* refused to retain such an expert, telling Breaux that Everest did not anticipate the loss reaching the deductible. Everest's decision to terminate its investigation betrays its culpability in Breaux and Vericlaim's failings.

23.     Thus, using Breaux's blatantly invalid numbers, and relying on an incomplete analysis of causation, Vericlaim found Plaintiffs' "net claim" was $0.00. Everest received Breaux's report on November 21, 2017 and denied Plaintiffs' Claim on November 27, 2017 without further inquiry. As a result of this denial, Plaintiffs had to spend $1,179,061.80 out of their own pockets to repair the Property – on top of the $198,954.20 in lost income that Everest also refused to pay Plaintiffs.

24.     For the next nine months, Plaintiffs attempted to convince Everest to reconsider its wrongful denial of their Claim. Indeed, on September 12, 2018, Everest admitted it had mishandled Plaintiffs' Claim. In response to Plaintiffs' pre-suit demand letter seeking an explanation, Everest stated that "Everest's [denial] letter noted that the policy 'has a 3% Hurricane deductible,' but inadvertently applied it against the total insurable value" of the Property.

25.     Nonetheless, despite its admission of guilt, Everest ignored its own findings obligating payment on the uncontested portions of Plaintiffs' Claim. Everest grounded its obstinate denial on the Policy's flood exclusion: since "the buildings were significantly damaged by flood caused by Hurricane Harvey," Everest refused to pay *any portion* of the Claim until a re-inspection was conducted. Everest continued this dogged denial even after Plaintiffs provided Everest with over 1,000 itemized invoices, allowing Everest to identify precisely which repairs were for uncontested damages.

26.     In short, Breaux, Vericlaim, and Everest deliberately mishandled Plaintiffs' Claim at every stage of the claim-handling process, hoping to force Plaintiffs to abandon their meritorious Claim. Vericlaim – through its agent Breaux – conducted a pretextual investigation of the Claim, then misrepresented the Policy's exclusions and deductibles to justify Breaux's threadbare denial. Everest colluded with Breaux and Vericlaim, deliberately blinding itself to the glaring shortcomings in their investigation by refusing to inquire further. Everest then delayed resolving any part of Plaintiffs' Claim – even after admitting fault – hoping to push the entire Claim outside Texas' statute of limitations and avoid paying Plaintiffs. These Defendants' malicious and incompetent acts violated their obligations under the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Their conduct also constituted several torts, including breach of contract, negligent misrepresentation, and fraud.

27.     For these reasons, and as set forth more specifically herein, Plaintiffs bring suit against Defendants.

## CAUSES OF ACTION

## UNFAIR SETTLEMENT PRACTICES - VIOLATIONS OF THE TEXAS INSURANCE CODE

28.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

29.     Defendants misrepresented material facts and the Policy's provisions relating to coverage at issue. TEX. INS. CODE §541.060(a)(1). Breaux and Vericlaim misrepresented both the facts of Plaintiffs' damages and the applicable exclusions and deductibles under the Policy. Everest reiterated and endorsed these misrepresentations in denying the Claim.

30.     Defendants failed to attempt to effectuate a prompt, fair and equitable settlement of a claim to which liability had become reasonably clear. TEX. INS. CODE §541.060(a)(2)(A). Breaux and Vericlaim colluded with Everest to reduce their calculations of Plaintiffs' damages below the Policy's deductible, and thus failed to attempt to effectuate any settlement of Plaintiffs' clearly covered losses.

31.     Defendants failed to attempt to effectuate a prompt, fair and equitable settlement of Plaintiff's claim under one portion of a policy with respect to which liability had become reasonably clear to influence Plaintiff to settle another claim under another portion of the coverage. TEX. INS. CODE §541.060(a)(2)(B). Again, Defendants never offered to settle any portion of the Claim.

32.     Defendants failed to promptly provide Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denying the Claim. TEX. INS. CODE §541.060(a)(3). Breaux and Vericlaim provided virtually no explanation for their recommended denial; neither their denial of damages for "wind-caused rain" nor their inflated deductible was based in the Policy. Everest did not correct Breaux and Vericlaim's "inadvertent" misrepresentation of the applicable deductible for *nine months* after denying the Claim, and thus did not "promptly provide" a reasonable explanation of its denial. Moreover, Everest never explained where the alleged "wind-caused rain" exclusion was based in the Policy, even when it invoked the Policy's flood exclusion.

33.     Everest failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies. Everest also failed within a reasonable time to affirm or deny

coverage of the Claim or submit a reservation of rights to the Plaintiffs. TEX. INS. CODE §§541.060(a)(4)(A) & (B). Everest took nine months to re-evaluate Plaintiffs' claim, and attempted to invoke a reservation of rights long after failing to assert those defenses.

34.     Everest refused, failed, or unreasonably delayed a settlement offer on the basis that other coverage may be available or that third parties were responsible for Plaintiffs' damages. TEX. INS. CODE §541.060(a)(5). Everest's refusal to settle even the uncontested portion of Plaintiffs' Claim was motivated by its unwillingness to pay for Plaintiffs' flood damages – even though Plaintiffs gave Everest the necessary information to *avoid* paying for non-covered flood losses.

35.     Defendants refused to pay the Claim without conducting a reasonable investigation with respect to the Claim. TEX. INS. CODE §541.060(a)(7). Breaux and Vericlaim – at Everest's instruction – opted not to retain a "Cause and Origin Expert" who might have contradicted their pretextual conclusions. Breaux and Vericlaim provided a mere page of findings regarding the "scope of repairs," with no discussion of the techniques and practices used to make those findings. Everest relied on this inadequate investigation in refusing to pay the Claim.

36.     Defendants misrepresented the Policy by making untrue statements of material fact. TEX. INS. CODE §541.061(1). Breaux and Vericlaim made statements of material fact – which Everest admitted were false – on the calculation of Plaintiffs' deductibles under the Policy. Everest repeated and relied on these statements in denying Plaintiffs' Claim.

37.     Everest also independently misrepresented the Policy by making untrue statements of material fact. TEX. INS. CODE §541.061(1). Everest falsely stated that each building under the Policy had a business income limit of $156,671 – when the Policy explicitly increased that limit to $169,465.

38.     Defendants misrepresented the Policy by failing to state a material fact necessary to

make other statements made not misleading, considering the circumstances under which the statements were made. TEX. INS. CODE §541.061(2). Breaux and Vericlaim invoked Policy exclusions of damage for pre-existing defects to the Property, without noting the explicit exceptions to those exclusions which established that Plaintiffs' Claim was covered. Everest relied on and endorsed those exclusions, even though it – as the drafter of its own Policy – knew those statements were materially incomplete.

39.     Defendants also made statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; material misstatements of law; and failed to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with Texas law. TEX. INS. CODE §541.061(1)-(5); §541.002(1). Defendants knowingly committed each and every one of the foregoing acts, with actual knowledge of the falsity, unfairness or deception of each of their acts and practices. TEX. INS. CODE §541.002(1). All three Defendants' own statements amply demonstrate their awareness that their investigations were incomplete, their analyses were incorrect, and their basis for denying the Claim was fundamentally inaccurate. Defendants denied the Claim despite their awareness of its merits.

## FAILURE TO MAKE PROMPT PAYMENT OF CLAIM – VIOLATIONS OF THE TEXAS INSURANCE CODE

40.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

41.     Everest failed to timely: (1) acknowledge receipt of the Claim; (2) commence any investigation of the claim; and (3) request from the Plaintiffs all items, statements, and forms that it reasonably believed, at that time, would be required from the Plaintiffs. TEX. INS. CODE §542.055(a).

42.     Everest failed to notify Plaintiffs in writing of the acceptance or rejection of the Claim not later than the 130th business day after the receipt of all items, statements and forms required by Everest. TEX. INS. CODE §542.056(a); TEX. INS. CODE §542.059(b).

43.    Everest failed to timely notify Plaintiffs of the purported reasons that it needed any additional time to investigate their Claim. TEX. INS. CODE §542.056(d).

44.    Everest deliberately delayed payment of Plaintiffs' Claim after receiving all items, statements, and forms needed to show Plaintiffs' Claim was meritorious. TEX. INS. CODE §542.058(a).

## STATUTORY INTEREST –
## VIOLATIONS OF THE TEXAS INSURANCE CODE

45.    Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

46.    Plaintiffs seek penalties at the maximum rate that legally may be awarded on the amount of their Claim, as well as reasonable attorney's fees, for Everest's violations of Texas Insurance Code Subchapter B, pursuant to Texas Insurance Code §542.060. TEX. INS. CODE §542.060.

## BREACH OF CONTRACT

47.    Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

48.    Everest breached its contract – the Policy – with Plaintiffs, by failing to pay Plaintiffs' contractually-entitled benefits when liability for those benefits was readily apparent.  As a result of such breaches, Plaintiffs have suffered damages and seek recovery of all such damages herein.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49.    Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

50.    Everest had a duty to deal fairly and in good faith with the Plaintiff in processing the Claim.  Everest breached this duty by refusing to properly investigate the Claim and wrongfully denying the insurance benefits to which Plaintiff was entitled by the Policy.  Everest knew that there was no reasonable basis for denying or delaying Plaintiffs' benefits under the Policy, ultimately

admitted that its previously-asserted basis for denial was wrong, yet *still* refused to pay any portion of Plaintiffs' Claim. Everest's pattern of delay and deliberate blindness to contrary evidence amply demonstrates its bad faith in handling Plaintiffs' Claim.

51.     As a result of Everest's breach of its legal duties to them, the Plaintiffs suffered damages and seeks recovery of same herein.

## PUNITIVE DAMAGES FOR BAD FAITH

52.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

53.     All Defendants acted fraudulently and with malice (as that term is legally defined) in denying Plaintiffs' Claim. Further, the Defendants had actual, subjective awareness of the risks involved with their tortious conduct, but nevertheless proceeded with conscious indifference as to the rights, safety, or welfare of the Plaintiffs.

54.     Thus, Plaintiffs are entitled to awards of punitive damages against all Defendants.

## NEGLIGENT MISREPRESENTATION

55.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

56.     Defendants made various representations to the Plaintiffs in the course of their investigation and denial of the Claim, as well as other transactions where each Defendant had a pecuniary interest. Everest received premiums from Plaintiffs under the Policy; Breaux and Vericlaim were hired by Everest to investigate the Claim in exchange for payment.

57.     The Defendants supplied false information for the guidance of others – including Plaintiffs. Breaux and Vericlaim supplied misleading and false information about the Property's damage – and outright wrong information about the Policy's coverages – to Plaintiffs. Everest reiterated and compounded this false information in its denials to Plaintiffs.

58.     Defendants did not exercise reasonable care or competence in obtaining or communicating this information to Plaintiffs. As previously noted, Breaux and Vericlaim

miscalculated Plaintiffs' deductibles and ignored critical Policy provisions that were readily apparent from the Policy's text alone. Everest failed to check Breaux and Vericlaim's work, and reinforced those Defendants' inadequate investigation with its own refusal to retain a causation expert.

59.     Plaintiffs justifiably relied upon Defendants' representations.

60.     Defendants' negligent misrepresentations proximately caused damages and injured Plaintiffs.

61.     For this reason, Plaintiffs bring suit and seek to recover any and all damages herein.

## COMMON LAW FRAUD

62.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

63.     Defendants made material misrepresentations which were false, known to be false when made, and upon which they intended Plaintiffs to rely. Plaintiffs relied upon these misrepresentations, proximately causing injury to Plaintiffs.

64.     Defendants' material misrepresentations include, but are not limited to, misrepresentations regarding and failure to reveal material facts regarding the Policy, misrepresentations about the actions taken in handling Plaintiffs' claims, misrepresentations regarding the extent and causation of damage to Plaintiffs' Property, and Defendants' refusal to pay Plaintiffs' covered Claim.

65.     For this reason, Plaintiffs bring suit and seek to recover any and all damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES – CONSUMER PROTECTION ACT

66.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

67.     Plaintiffs are consumers under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") because they purchased goods or services – Everest's Policy and Breaux and Vericlaim's investigation of their Claim – from Defendants. TEX. BUS. & COMM. CODE ANN. §

17.41.

68.     Defendants used or employed false, misleading and/or deceptive acts or practices as specifically enumerated under the DTPA, including, but not limited to, the following, which Plaintiffs relied upon to their detriment:

69.     Defendants caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.  *Id.* §17.46(b)(2). Breaux, Vericlaim, and Everest all claimed that Everest was responsible for applying the Policy – even though Everest allowed Breaux and Vericlaim to determine and (incorrectly) apply the Policy's deductible to justify denying the Claim.

70.     Defendants represented that their services had sponsorship, approval, characteristics, uses or benefits that they did not have, and that representatives of Defendants had sponsorship, approval, status, affiliation, and/or connection that they did not have.  *Id.* §17.46(b)(5). Breaux, Vericlaim, and Everest alleged that their findings bore the approval of an unnamed roofing company to dissuade Plaintiff from challenging their baseless conclusions.

71.     Defendants falsely represented that their services would be of a particular standard, quality or grade.  *Id.* §17.46(b)(7). The investigative services and claims-handling process provided by these Defendants failed to meet even the most basic standards of competence that these Defendants promised to follow.

72.     Defendants knowingly advertised their services with the intent not to sell them as advertised.  *Id.* §17.46(b)(9). Everest's deliberate ignorance in the claims-handling process, and Breaux and Vericlaim's failure to properly investigate Plaintiffs' Claim, amply demonstrates they never intended to perform their contractual obligations as they promised to Plaintiffs.

73.     Defendants misrepresented the authority of a salespersons, representative or agent to

negotiate the final terms of a consumer transaction. *Id.* §17.46(b)(14). Breaux, Vericlaim, and Everest all claimed that Everest was responsible for applying the Policy – even though Breaux was ultimately responsible for denying Plaintiff's Claim under the Policy.

74.     Defendants failed to disclose information to Plaintiff concerning services that was known at the time of the transactions, and intended their non-disclosure to induce Plaintiff into transactions she would not have entered into had that information been disclosed. *Id.* §17.46(b)(23). Needless to say, had Plaintiffs realized Defendants never intended to perform on their promises, Plaintiffs would not have purchased the Policy from Everest, or granted Breaux and Vericlaim access to the Property for their so-called 'inspection.'

75.     Defendants performed unconscionable acts and/or took an unconscionable course of action against Plaintiffs, which to Plaintiffs' detriment, took advantage of their lack of knowledge, ability, experience or capacity to a grossly unfair degree. *Id.* §17.50(a)(3). Defendants' repeated and blatant malfeasance in investigating the Claim constitutes such unconscionable conduct. Everest's protracted and deliberate delaying tactics in handling the Claim exemplify – but are certainly not the only instance – of Defendants' unconscionable behavior.

76.     The aforementioned violations of the DTPA, and all other such violations by Defendants, were committed either negligently or knowingly, and were a producing cause of all damages to Plaintiffs as described herein.

77.     For this reason, Plaintiffs brings suit and seek to recover any and all damages herein.

## CIVIL CONSPIRACY

78.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

79.     Defendants, individually and collectively, engaged in a civil conspiracy to damage Plaintiffs.

80.     Defendants individually and collectively had a meeting of the minds to both: (1)

accomplish an unlawful purpose; and (2) accomplish a lawful purpose by unlawful means.

81.     Defendants individually and collectively sought to violate Texas law by depriving the Plaintiffs of their rights to recover under the Policy.  Defendants violated the Texas Insurance Code, the Texas Deceptive Trade Practices-Consumer Protection Act, breached Everest's duty of good faith and fair dealing they owed Plaintiffs, breached Everest's Policy with Plaintiff, and committed common law fraud against Plaintiffs.

82.     Defendants individually and collectively damaged Plaintiffs by, *inter alia,* violating the Texas Insurance Code, the Texas Deceptive Trade Practices-Consumer Protection Act, breaching of the duty of good faith and fair dealing they owed to Plaintiff, breaching their Policy with Plaintiff, and committing common law fraud.

83.     Defendants individually and collectively committed numerous unlawful, overt acts as part of this civil conspiracy, including but not limited to their fraudulent and bad faith process of 'investigating' the Claim.

84.     For this reason, Plaintiffs brings suit and seeks to recover any and all damages herein.

## DECLARATORY JUDGMENT

85.     Plaintiffs incorporate the preceding and foregoing paragraphs verbatim, as if fully set forth herein.

86.     Plaintiffs plead for herein and seek declaratory judgment on the insurance policy issued by Defendant Everest.  *See* TEX. CIV. PRAC. AND REM. CODE §§ 37.001, 37.004 (Vernon's Supp. 2014).  Plaintiffs seek judgment on the Policy, declaring that all Defendants are liable for the claims submitted by the Plaintiff.

87.     Plaintiffs further plead for herein and seek declaratory judgment on the status of Defendants Breaux and Vericlaim as it pertains to their agency and actions on behalf of Everest.  *See* TEX. CIV. PRAC. AND REM. CODE §§37.001, 37.004 (Vernon's Supp. 2014).  Plaintiff seek judgments

Page **15** of **18**

declaring that Defendant Breaux was acting in the course and scope of his employment with Vericlaim, and that Vericlaim was acting as agent of Everest, at all times relevant to this action.

88.     For this reason, Plaintiffs seek declaratory judgment from this Court.

## DAMAGES AND NON-MONETARY RELIEF

89.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

90.     As required by Texas Rule of Civil Procedure 47(b), Plaintiffs plead that the damages sought are within the jurisdictional limits of this Court.

91.     As required by Texas Rule of Civil Procedure 47(c), Plaintiffs further plead that they seek monetary relief of over $1,000,000, as well as non-monetary relief.  Accordingly, this matter is not subject to Texas Rule of Civil Procedure 169.

92.     However, the amount of monetary relief actually awarded will ultimately be determined by a jury.

## EXEMPLARY DAMAGES

93.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

94.     Defendants' acts and omissions have caused economic damages to Plaintiffs.   In committing these acts and omissions, the Defendants acted with malice. *See* TEX. CIV. PRAC. AND REM. CODE ANN. §41.003 (Vernon's Supp. 2011); TEX. INS. CODE Ann. § 541.002(1) (Vernon's 2011). There is clear and convincing evidence of such malice. *See id.*

95.     Defendants also committed common law fraud, and other violations and breaches of duty against Plaintiffs, rising to the level of malice.  There is clear and convincing evidence that the Defendants' acts and omissions constitute such violations and malice.

96.     Plaintiffs therefore seek and are fully entitled to awards of exemplary damages against all Defendants of the law.

**ATTORNEY'S FEES**

97.     Plaintiffs incorporate the foregoing paragraphs verbatim, as if fully set forth herein.

98.     Pursuant to Texas Civil Practice & Remedies Code §38.001, Texas Insurance Code §542.060, Texas Business & Commerce Code § 17.50(d), and any and all other statutes and laws providing for recovery of such costs and fees, Plaintiff is entitled to recover all costs, expenses, and reasonable attorney's fees, as allowed under law.  Plaintiff respectfully seeks such recovery herein.

**JURY DEMAND**

99.     Plaintiffs demand a trial by jury and have paid the appropriate fee to the clerk of the Court.

**PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that, upon final trial and hearing hereof:

a.     Judgment be entered against the Defendants to recover actual economic damages;

b.     Judgment be entered against Defendants for appropriate exemplary damages;

c.     Judgment be entered against Defendants for attorney's fees, costs and expenses incurred by Plaintiffs through all appeals;

d.     Pre-judgment and post-judgment interest be awarded to Plaintiffs at the maximum rate permitted by law;

e.     Costs of suit be awarded to Plaintiffs; and

f.     Any and all such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**MURR  YANOCHIK, P.L.L.C.**

*/s/ George B. Murr*

George B. Murr
murr@my-lawyers.com
Texas Bar No.  00794348
Thomas Ryan Lemens
lemens@my-lawyers.com
Texas Bar No.  24109463
4101 Washington Avenue
Houston, Texas 77007
Telephone: 713-966-6141
Fax: 713-588-2412

**ATTORNEYS FOR PLAINTIFFS**

PLAINTIFFS' ORIGINAL PETITION

8/5/2019 11:28 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35686756
By: Devanshi Patel
Filed: 8/5/2019 11:28 AM

## CAUSE NO. 2019-46210

| | | |
|---|---|---|
| THE RESERVE AT AUTUMN CREEK, L.L.C.; KURTELL GROWTH INDUSTRIES, | § § § | IN THE DISTRICT COURT |
|      Plaintiffs, | § § | |
| v. | § § § | HARRIS COUNTY, TEXAS |
| EVEREST INDEMNITY INSURANCE COMPANY, VERICLAIM, INC.; ANDREW BREAUX, | § § § § | |
|      Defendants. | § | 127TH DISTRICT COURT |

## DEFENDANT'S ORIGINAL ANSWER AND GENERAL DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Everest Indemnity Insurance Company ("Everest"), files this Original Answer to Plaintiffs' Original Petition, and would respectfully show the following:

### I.    GENERAL DENIAL

Everest asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiffs The Reserve at Autumn Creek, L.L.C.; Kurtell Growth Industries ("Plaintiffs") be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

### II.    DISCOVERY PLAN:  LEVEL TWO

Everest asserts that Level Two discovery is appropriate in this case.

### III.    SPECIAL EXCEPTIONS

#### FIRST SPECIAL EXCEPTION
#### Breach of Contract

Everest specifically excepts to Plaintiffs' Original Petition because it only vaguely and generically alleges that it breached its contract of insurance.  The vague and indefinite breach of

---

contract claim fails to: (1) provide fair notice of the elements and facts of the loss allegedly sustained by Plaintiffs; (2) provide fair notice of facts showing Plaintiffs' alleged loss was covered under the terms of the insurance contract at issue; or (3) provide fair notice of the acts and/or omissions by Everest which allegedly could amount to a breach of its contractual obligations, if any, to Plaintiffs.

<b>SECOND SPECIAL EXCEPTION<br>Bad Faith Claims</b>

Everest specially excepts to Plaintiffs' Original Petition because Plaintiffs fail to plead all of the elements of its alleged cause of action for breach of the duty of good faith and fair dealing. As a result, Plaintiffs should be required to file an amended pleading which sets for the elements and facts and evidence in support of Plaintiffs' claim for bad faith, as well as all related damages.

<b>THIRD SPECIAL EXCEPTION<br>Chapter 541</b>

Everest specially excepts to Plaintiffs' Original Petition because Plaintiffs' Chapter 541 claims are deficient. The elements of a cause of action under Chapter 541 are: (1) the plaintiff is a "person" as defined by Texas Insurance Code §541.002; (2) the defendant's acts or practices violated a section of the Insurance Code, §17.46(b) of the Texas Business & Commerce Code, or violated a tie-in provision of the DTPA; and (3) defendant's acts were a producing cause Plaintiffs' damages.

Plaintiffs generically allege that Everest violated subparts of §541 but fail to allege any specific facts on which such claims are based. As a result, Plaintiffs should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for §541 violations, as well as all related damages.

### FOURTH SPECIAL EXCEPTION
### Chapter 542

Everest specially excepts to Plaintiffs' Original Petition because Plaintiffs' Chapter 542 claims are deficient.  Plaintiffs generically allege that Everest violated subparts of §542 but fail to allege any specific facts on which such claims are based.  As a result, Plaintiffs should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for §542 violations, as well as all related damages.

### FIFTH SPECIAL EXCEPTION
### Fraud

Everest specially excepts to Plaintiffs' Original Petition because it fails to identify any facts which support the allegations of fraud against it.  In order to hold a defendant liable for common law fraud, a plaintiff must show the following:  (1) the defendant made a material misrepresentation; (2) the representation was false, and was either known to be false when made or was asserted without knowledge of its truth; (3) the defendant intended the representation to be relied upon; (4) the representation was actually relied upon; and (5) the representation caused harm to the plaintiff.  Plaintiffs have not pled any facts substantiating any of the elements of their fraud claim against Everest.  Accordingly, Plaintiffs should be required to file an amended pleading which sets forth facts and evidence in support of her claim for alleged fraud.

### IV.   <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE
### Policy Terms and Conditions

Plaintiffs' claims are subject to the respective terms and conditions of the Policy, including but not limited to the applicable Policy limit and deductible. Imperial hereby incorporates the terms of its Policy by reference.

---

## SECOND AFFIRMATIVE DEFENSE
### Failure to State a Claim

Plaintiffs' causes of action are barred, either in whole or in apart, because they fail to state a claim upon which relief can be granted.  Plaintiffs fail to describe how Everest's alleged breach of the insurance contract would convert Plaintiffs' contractual claim into any other causes of action including, but not limited to, breach of the duty of good faith and fair dealing or a violation of the Texas Insurance Code.

## THIRD AFFIRMATIVE DEFENSE
### Liability Not "Reasonably Clear"

As to Plaintiffs' extra-contractual claims alleging "bad faith", a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement, if any, to insurance benefits from Everest, and Everest possesses the right to value claims differently from those asserting claims under the Policy without facing bad faith liability.

## FOURTH AFFIRMATIVE DEFENSE
### Absence of Coverage Precludes Extra-Contractual Liability

Plaintiffs have not suffered any damages that are recoverable under any extra-contractual theory of liability.

## FIFTH AFFIRMATIVE DEFENSE
### Conditions Precedent

Plaintiffs' claims are subject to the respective terms and conditions of the Policy, including but not limited to showing a covered loss.

## SIXTH AFFIRMATIVE DEFENSE
### Limit of Liability

Plaintiffs' damages, if any, are limited by the amount set forth in the policy limitations provisions of the applicable policy, a copy of which has been produced.

**SEVENTH AFFIRMATIVE DEFENSE**
**Offset and/or Credit**

Plaintiffs' damages, if any, must be offset by the amount of applicable policy deductibles. Further, any award to Plaintiffs must be offset by all prior payments tendered to Plaintiffs for the claims forming the basis of its claims and by all payments and credits otherwise available.

**EIGHTH AFFIRMATIVE DEFENSE**
**Contractual and Statutory Limitations**

Any recovery by Plaintiffs is subject to the contractual limitations under the policy and/or the statutory limitations on liabilities and damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code, as well as all other statutory damage caps provided by law.

**NINTH AFFIRMATIVE DEFENSE**
**Punitive and Exemplary Damages**

Everest invokes and asserts all applicable limitations upon punitive damages, exemplary damages, and additional damages, including, but not limited to, those contained in the applicable statues under which it is being sued, Texas Civil Practice and Remedies Code Chapter 41, and the United States and Texas Constitutions.  Also, to the extent that additional damages or punitive damages or penalty interest are awarded, more than one of them cannot be awarded for the same conduct and/or based on the same damages as such multiple awards would be multiple punishments for the same actions.

**V.      PRAYER**

Everest requests that Plaintiffs take nothing by its claims and that Everest be granted any and all other relief to which it may show itself justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: _/s/ Christopher H. Avery_

    BRIAN S. MARTIN
    Texas State Bar No.  13055350
    bmartin@thompsoncoe.com
    CHRISTOPHER H. AVERY
    Texas State Bar No. 24069321
    cavery@thompsoncoe.com
    ALEXA GOULD
    Texas State Bar No. 24109940
    agould@thompsoncoe.com
    One Riverway, Suite 1400
    Houston, Texas 77056
    Telephone:  (713) 403-8210
    Facsimile:  (713) 403-8299

    ***Counsel for Defendant***
    ***Everest Indemnity Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2019, a true and correct copy of the foregoing was served via e-service, to the following:

George B. Murr
Murr Yanochik, P.L.L.C.
4101 Washington Avenue
Houston, Texas 77007
Telephone: (713) 966-6141
Facsimile: (713)  588-2412
murr@my-lawyers.com
***Counsel for Plaintiffs***

/s/  Christopher H. Avery
CHRISTOPHER H. AVERY

9/23/2019 9:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37019347
By: Lisa Thomas
Filed: 9/23/2019 9:49 AM

## CAUSE NO. 2019-46210

| | | |
|---|---|---|
| THE RESERVE AT AUTUMN CREEK, L.L.C.; KURTELL GROWTH INDUSTRIES, *Plaintiffs,* | § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | HARRIS COUNTY, TEXAS |
| EVEREST INDEMNITY INSURANCE COMPANY; VERICLAIM, INC.; ANDREW BREAUX, *Defendants.* | § § § § § | 127TH JUDICIAL DISTRICT |

## DEFENDANT VERICLAIM, INC.'S ORIGINAL ANSWER

Defendant VERICLAIM, INC. ("Defendant") files its Original Answer to the Petition of Plaintiffs THE RESERVE AT AUTUMN CREEK, L.L.C., and KURTELL GROWTH INDUSTRIES LTD. (collectively "Plaintiffs"), and in support thereof, respectfully shows as follows:

### I.     GENERAL DENIAL

1.      Under Rule 92 of the Texas Rules of Civil Procedure, Defendant asserts a general denial to the entirety of Plaintiffs' Original Petition, and any supplemental or amended petitions, and each and every allegation, claim, and/or cause of action asserted in those petitions.  Defendant respectfully requests the Court and Jury require Plaintiffs to prove their claims, charges and allegations by a preponderance of the evidence and/or clear and convincing evidence according to the Constitutions of the State of Texas and the United States and the laws, regulations, and statutes of the State of Texas and the United States.

### II.     AFFIRMATIVE DEFENSES

2.      Without waiving the foregoing, and for further answer, if any be necessary, Defendant, as set forth below, asserts the following conjunctive and/or alternative defenses:

3.      Plaintiffs' damages, if any, are the result of acts and/or omissions, fault, negligence, breach of contract, violation of statute, and/or breach of duty, by or of persons, entities, and/or parties over whom Defendant have no control and for whom Defendants has no legal responsibility.  Such acts and/or omissions were the sole cause, sole proximate cause, producing cause, or a new and independent intervening or superseding cause of the alleged injuries to Plaintiffs.

4.      Plaintiffs' damages, if any, are the result, in whole or in part, of Plaintiffs' own fault, acts and/or omissions, negligence, breach of duty, violation of statute, and/or breach of contract or that of their agents or representatives or employees.

5.      Defendant is entitled to submit issues of proportionate fault and/or proportionate causation in accordance with the Texas Civil Practice & Remedies Code for the percentage of responsibility assigned to each by the trier of fact.

6.      Defendant is not in privity of contract with Plaintiffs and deny that it breached any contract or violated any statutory or common law duty owed to Plaintiffs.

7.      Defendant denies that it violated the Texas Insurance Code.

8.      Defendant did not engage in unfair settlement practices.

9.      Defendant pleads the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case.

10.     Defendant denies that it caused confusion or misunderstanding, that it made false or misleading statements that it misrepresented or failed to disclose any material information related to this matter, or that it engaged in any unconscionable course of conduct.

11.     Plaintiffs failed to exercise reasonable care to avoid and mitigate the damages they seek to recover herein, which damages Defendant disputes, and accordingly, Defendant is not liable for any damages that could and should have been avoided or mitigated.

12.     Plaintiffs' claims and the damages they seek are barred because Plaintiffs have failed to comply with or satisfy conditions precedent.

13.     Plaintiffs' extra-contractual claims are barred because their contract claims are barred.

14.     Defendant denies that it committed fraud.  Defendant further denies that it engaged in a conspiracy to commit fraud.  Defendant further denies that it engaged in a civil conspiracy, as alleged by Plaintiffs in their Original Petition.

15.     In the event Plaintiffs have any damages, which is expressly denied, Plaintiffs have the burden of allocating between covered and uncovered perils and damages.

16.     Defendant denies that it owes Plaintiffs the amounts claimed and, thus, any payment from Defendant to Plaintiffs was and/or would constitute unjust enrichment.

17.     Defendant further denies that any of its acts or omissions constitute a violation of Texas' Deceptive Trade Practices Act.

18.     Defendant invokes its rights under the Due Process Clause and Equal Protective Clause of the Fourteenth Amendment of the United States Constitution and affirmatively pleads that Plaintiffs' pleading for punitive damages and/or exemplary damages is violative of the Fourteenth Amendment.  Further, Defendant affirmatively pleads that the assessment and award of punitive damages is violative of the Eighth Amendment of the United States Constitution as it is applied to the States through the Fourteenth Amendment of the United States Constitution, in that such awards potentially constitute an excessive fine imposed without the protections of

fundamental due process.  Accordingly, Defendant invokes its rights under the Eighth and Fourteenth Amendments and respectfully requests that this Court disallow any award of punitive and/or exemplary damages in as much as an award in this case would be violative of Defendant's constitutional rights.  Defendant further invokes its rights under the Fifth Amendment, as applied through the Fourteenth Amendment to the United States Constitution, wherein it reads in part "No person shall be . . . deprived of . . . property without due process of law. . . ."

19.    Defendant specifically pleads that any award of punitive damages must be supported by clear and convincing evidence.

20.    Without waiving the foregoing and for further answer, if any be necessary, Defendant reserves the right to amend its answer to Plaintiffs' allegations in accordance with the Texas Rules of Civil Procedure and/or other applicable law.

### III.    JURY DEMAND

21.    Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby makes a demand for a jury trial in this cause.  A jury fee is being paid simultaneously with the filing of this demand.

### IV.    RULE 193.7 NOTICE

22.    Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant gives actual notice to Plaintiffs that any and all documents produced may be used against Plaintiffs as the party producing the documents at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.  *See* Tex. R. Civ. P. 193.7.

## V.     REQUEST FOR DISCLOSURES

23.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs are requested to disclose to Defendant, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l).  *See* Tex. R. Civ. P. 194.2.

## V.     PRAYER

Defendant prays that Plaintiffs take nothing by reason of this suit, that Defendant be released, discharged and found not liable to Plaintiffs, that the parties pay their own costs, and for such other and further relief, both general and special, at law and in equity, to which Defendant is justly entitled.

Respectfully submitted,

SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP

By:  */s/ Bruce R. Wilkin*
        Bruce R. Wilkin
        Texas Bar No. 24053549
        bwilkin@shackelford.law
        Tim Redden Jr.
        State Bar No. 24099654
        tredden@shackelford.law
        717 Texas Ave, 27th Floor
        Houston, Texas 77002
        Tel:  832-415-1801
        Fax:  832-415-1095

ATTORNEYS FOR DEFENDANT VERICLAIM INC.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 23rd day of September, 2019, a copy of the foregoing document was forwarded to all counsel listed below pursuant to the Texas Rules of Civil Procedure.

George B. Murr
murr@my-lawyers.com
Texas Bar No. 00794348
Thomas Ryan Lemens
lemens@my-lawyers.com
Texas Bar No. 24109463
4101 Washington Avenue
Houston, Texas 77007
Telephone: 713-966-6141
Fax: 713-588-2412

**_Counsel for Plaintiff_**

_/s/ Bruce R. Wilkin_
Bruce Wilkin

Unofficial Copy Office of Marilyn Burgess District Clerk